# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MIRANDA POWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:12-cv-03566-JHE |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Miranda Powell ("Powell") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"),[2] denying her application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Social Security Income ("SSI"). Powell timely pursued and exhausted her administrative remedies. The case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is due to be reversed and remanded.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

[2] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013. See http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security."). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin in the case caption above.

## I.  FACTUAL AND PROCEDURAL HISTORY

Powell was a twenty-nine year old female at the time of her hearing before the Administrative Law Judge ("ALJ") on January 26, 2011.  (Tr. 30, 98 , 115-16, 160).  Powell has a high school education and has completed some "technical classes."[3]  (Tr. 16, 30-31).  Powell previously worked full-time as a salesperson for K-Mart and Dollar Tree, as well as part-time for a staffing company.  (Tr. 33).

Powell filed her applications on September 18, 2009, alleging an initial onset date of March 1, 2004.  (Tr. 10).  Powell's application was initially denied (Tr. 53-66) and Powell requested a hearing before an ALJ (Tr. 67).  After a hearing, the ALJ denied Powell's claim on January 26, 2011.  (Tr. 7-21).  Powell sought review by the Appeals Council, but it declined her request on August 10, 2012.  (Tr. 1-7).  On that date, the ALJ's decision became the final decision of the Commissioner.  On October 10, 2012, Powell initiated this action.  (*See* Doc. 1).

## II.  STANDARD OF REVIEW[4]

The court's review of the Commissioner's decision is narrowly circumscribed.  The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This

---

[3]These classes do not alter Powell's classification as a claimant with a high school education.  *See* 20 C.F.R. Part 404, Appendix 2, Rule 201.00.

[4] In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[5] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically

---

[5] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner][6];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Powell met the insured status requirements of the Social Security Act through March 31, 2008, and that Powell had not engaged in substantial gainful activity since

---

[6] 20 C.F.R. Pt. 404, Subpt. P, App. 1. This subpart is also referred to as the "Listing of Impairments" or "the Listings."

March 1, 2004, the alleged onset date of her disability. (Tr. 12).

At Step Two, the ALJ found Powell has the severe impairments of anxiety disorder and dysautonomia.[7] (*Id.*)

At Step Three, the ALJ found Powell does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12-14).

Before proceeding to Step Four, the ALJ determined Powell's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Powell has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the restriction that Powell should never be required to climb a ladder, rope or scaffold or be exposed to unprotected heights or dangerous machinery and should only frequently be required to climb a ramp or stairs, balance, crouch, stoop or kneel; "only frequently" meaning no more than six hours of an eight hour workday. (Tr. 14). The ALJ also found Powell has mild difficulties with socialization and concentration, as well as persistence or pace. (*Id.*)

At Step Four, the ALJ determined Powell has no past relevant work. (Tr. 16).

At Step Five, the ALJ determined, based on Powell's age, education, work experience,[8] and residual functional capacity, there are jobs that exist in significant numbers in the national economy

---

[7] Dysautonomia is an abnormal functioning of the autonomic nervous system. (http://dictionary.reference.com/browse/dysautonomia).

[8] Relevant work is distinguished from work experience. 20 C.F.R. § 416.965. Relevant work are skills and abilities acquired through work done prior to the alleged onset date. *Id.* To acquire skills and abilities a claimant must be at a particular job long enough to acquire skills and abilities. *Id.* Powell testified that the longest she worked anywhere full time is "a year or less." (Tr. 34). Thus she has no prior relevant work. *See also* 20 C.F.R. § 404.1560(1).

Powell could perform. (*Id.*) Therefore, the ALJ denied Powell's claim. (Tr. 17).

### V. ANALYSIS

**A.     Introduction**

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Powell contends the ALJ's decision is not supported by substantial evidence and should be reversed and remanded because:

> (1) In determining that Powell does not have a listed severe medical impairment under Step Two, the ALJ only considered Listing 12.06 for Anxiety Disorders and did not consider Listing 11.00 for Impairments that Affect Multiple Body Symptoms (doc. 7 at 10) and

> (2) The ALJ erred by only evaluating Powell's dysautonomia as a "mental listing," contending there was no physical evidence in the form of measurable test results (*id.* at 11).[9]

---

[9] At the close of her brief, Powell argues the ALJ erred by ignoring the absences or lapses from work that would occur because of her headaches or blackouts and failed to consider her need to sit for extended periods of time to address fatigue and dizziness. (Doc. 7 at 11). Despite Powell's argument to the contrary, the ALJ did not ignore either of these considerations. (Tr. at 15-16).

Additionally, in the final sentence of the Argument section in Plaintiff's brief, she references a statement made by the Vocational Expert that Powell could not keep a job if she were to miss two or more days of work a month. (Doc. 7 at 11; Tr. 51). To the extent Powell is arguing the ALJ's opinion is inconsistent with the VE's testimony, the ALJ did not find Powell

6

### B. The ALJ Erred by Classifying and Analyzing Dysautonomia as a Mental Impairment

Powell argues the ALJ erred in his analysis of whether her severe medical impairments, or combination thereof, meets or medically equals one of the listed impairments contained in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Doc. 7 at 10). Specifically, Powell argues the ALJ erred by classifying her severe medical impairments of anxiety disorder and dysautonomia as mental impairments subject to Listing 12.06. (*Id.*)

According to the National Institute of Health, dysautonomia is defined as "a disorder of autonomic nervous system function." NIH, National Institute of Neurological Disorders and Stroke, Dysautonomia Information Page, at http://www.ninds.nih.gov/disorders/dysautonomia/ dysautonomia.htm. The autonomic nervous system controls much of the body's involuntary functions; symptoms of dysautonomia can include problems with the regulation of heart rate, blood pressure, body temperature and perspiration, fatigue, lightheadedness, feeling faint or passing out (syncope), weakness and cognitive impairment. (National Dysautonomia Research Foundation, at http://www.ndrf.org; *see Salter v. Astrue,* Case No. 3:08–cv–189–RV–EMT, 2009 WL 1457125, *3-4 (N.D. Fla. 2009) (noting Plaintiff's dysautonomia is a dysfunction of the autonomic nervous system which controls heart rhythm, blood pressure, saliva glands, sweat glands, and the stomach; Plaintiff experienced blood pressure drops of 40 to 50 points without warning when she stood up, fainting palpitations, and fatigue), report and recommendation adopted with modification by 2009 WL 1457121 (N.D. Fla. 2009) (reversing and remanding the Commissioner's decision for further analysis).

---

had to miss work at least two days a week. (Tr. 7-21).

Dysautonomia is not a listed impairment. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Thus, an ALJ does not need to determine whether the combination of dysautonomia and anxiety disorder was medically equivalent to a listed impairment. 20 C.F.R. § 416.926(b). A non-listed impairment may be medically equivalent to a listed impairment if it is at least equal in severity and duration to the criteria of a listed impairment. 20 C.F.R. § 416.926(a). If a combination of impairments do not meet a listed impairment then the ALJ must compare the claimant's combination of impairments to the most closely analogous listed impairment. 20 C.F.R. § 416.926(b)(3). *See also Jones v. Dep't of Health & Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) ("when a claimant has alleged several impairments, the ALJ has a duty to consider the impairments in combination and to determine whether the *combined impairments* render the claimant disabled") (emphasis added).

The ALJ in this instance stated Powell's combination of impairments did not meet or specifically exceed a listing. (Tr. 12). The ALJ analyzed both of Powell's severe medical impairments under Listing 12.06. (*Id.*) Listing 12.06 is within the 12.00 Listing chapter on "mental disorders."[10] 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ did not discuss any other listings. Instead he stated that, because there is no measurable test result evidence of the physical effects of either of Powell's impairments, it could only be a listed mental impairment. (Tr. 13). The undersigned interprets this statement to mean, based on the ALJ's review of the evidence, he

---

[10]This listing states, in part:

> In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.

20 C.F. R. Pt. 404, Subpt. P, App. 1, Listing 12.06.

concluded Listing 12.06 was the "most closely analogous listed impairment." 20 C.F.R. § 416.926(b)(3).

The concern with this analysis is that it begins from a faulty premise. The court disagrees with the ALJ's conclusion that the record does not contain "physical evidence of the [dysautonomia] diagnosis in the form of measurable test results." (Tr. 13). To the contrary, the record contains the following:

> On June 19, 2009, Powell received a CT scan of her chest at University of Alabama at Birmingham Medical West. (Tr. 195). The scan indicated a minimally small hiatal hernia. (*Id.*)
>
> On June 22, 2009, Powell received a GXT test from her primary physician, Dr. Michael Moore, to evaluate her complaints of chest pain and palpitations. (Tr. 177). The test showed "a rather exaggerated heart rate response ... [and] her heart rate was slow to return to normal." (*Id.*) Dr. Moore noted that these symptoms are "suggestive of possible dysautonomia." (*Id.*)
>
> On September 29, 2009, Powell underwent a tilt table test conducted by Dr. Susan Phillips. (Tr. 208). The tilt table test was diagnostic of postural orthostatic tachycardia syndrome with significant symptoms reproduced. (*Id.*)

As another district court noted:

The severity of the symptoms in people with dysautonomia are typically far out of proportion to any objective physical or laboratory findings (especially when the doctors don't know which findings to look for).... Patients lucky enough to be taken seriously by their family doctors are likely to be referred to a specialist. The type of specialist they are sent to usually depends on the predominant symptom they are experiencing, or on the symptom that most impresses the family doctor. And the diagnosis they are ultimately given depends on their predominant symptoms and which specialist they end up seeing. Thus: Those whose main complaint is easy fatigability are likely to be diagnosed with [chronic fatigue syndrome]. Those who pass out are labeled as vasovagal or neurocardiogenic syncope.... If dizziness on standing up is the chief problem, POTS is the diagnosis. Diarrhea or abdominal pain buys you irritable bowel syndrome. Pain elsewhere ends up being fibromyalgia.

*Goodrich v. Comm'r of Soc. Sec.*, No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291, at *11 n..7 (M.D. Fla. Feb. 7, 2012) (citing Richard N. Fogoros, http://heartdisease.about.com/cs/womensissues/a/;6432;6432dysautonomia.htm).

Because there is evidence in the record that Powell may be suffering from a severe medical impairment with physical characteristics, the ALJ failed to apply the correct legal standard when he only considered whether Powell met or medically equaled a mental listing. The ALJ's statement that he must only analyze Powell's severe medical impairments under the Listing 12.00 chapter for mental disorders is an incorrect statement of legal principles and also inconsistent with the record evidence of Powell's dysautonomia causing physical symptoms. Because the ALJ's opinion contains both an incorrect statement of the legal standards and an improper statement of evidence in the record, it is due to be remanded for further consideration.

## VI.  CONCLUSION

Based on the evidence in the record and the submissions of the parties, the Court finds the Commissioner's final decision is not support by substantial evidence the ALJ did not apply the proper legal standards. Accordingly, the Commissioner's decision will be reserved and remanded. A separate order will be entered.

**DONE**, this 1st day of July, 2014.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge